**Walter ARASIMOWICZ,**
**Plaintiff–Appellant,**

**34**

James J. Harrington and Eugene Meyung, Plaintiffs,

v.

BESTFOODS, INC. & Bestfoods Baking Co., Defendants–Appellees.

No. 01–7006.

United States Court of Appeals, Second Circuit.

Sept. 4, 2001.

Scott A. Thornton, New Hampton, NY, for appellant.

Robert A. Horowitz, Greenberg Traurig, LLP, New York, NY, for appellee.

Present JOSÉ A. CABRANES, STRAUB and KATZMANN, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Walter Arasimowicz appeals from judgment of the United States District Court for the Southern District of New York entered on November 29, 2000, granting defendants' motion for judgment as a matter of law.

Arasimowicz filed this diversity action against defendants on August 17, 1999 for damages and injunctive relief on various grounds, and the case was tried before a jury on a claim of promissory estoppel. The jury returned a verdict in favor of Arasimowicz and awarded him damages. Defendants moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). The district court delivered its memorandum decision and order granting defendants' motion on November 27, 2000. In the memorandum, the district court characterized the jury as advisory, and accordingly made additional findings of fact pursuant to Fed.R.Civ.P. 52(a). The district court then concluded that estoppel was not warranted because plaintiff failed to show action or forbearance of a definite and substantial character.

Arasimowicz claims that the district court abused its discretion by characterizing the jury as advisory and that the district court erred in finding and applying Pennsylvania law on promissory estoppel. We find these arguments to be without merit. Fed.R.Civ.P. 39(c) states in relevant part: "In all actions not triable of right by jury the court upon motion or of its own initiative may try any issue with an advisory jury." Because plaintiff's claim

of promissory estoppel is not entitled to a trial by jury as a matter of right, it was within the district court's power to try the case by an advisory jury. *See Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 826–827 (2d Cir.1994). Accordingly, we affirm the judgment of the district court substantially for the reasons in Judge McMahon's opinion.

For the reasons stated above, the judgment of the District Court is AFFIRMED.